IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-00346-MR-WCM

| | |
|---|---|
| BUDDY J. JONES, | ) |
| Plaintiff, | ) ORDER |
| v. | ) |
| ALBEMARLE CORPORATION, | ) |
| Defendant. | ) |

Before the Court is a Joint Motion to Appear Telephonically (the "Motion," Doc. 20), by which counsel for Plaintiff and Defendant request that they be allowed to appear telephonically for the upcoming November 22, 2021 hearing.

On March 25, 2021, the undersigned conducted an initial pretrial conference with counsel. A Pretrial Order and Case Management Plan was filed the same day and, among other things, set November 9, 2021 as the deadline for the completion of court-enforceable discovery. Doc. 14.

On November 8, 2021, Plaintiff, with the consent of Defendant, filed a Motion requesting that the remaining pretrial deadlines be extended by 120 days and that trial be reset. Doc. 17. The undersigned denied that Motion without prejudice. Doc. 18.

On November 9, 2021, Defendant filed its own Motion to Extend Case Management Deadlines (the "Motion to Extend," Doc. 19), requesting that the remaining pretrial deadlines be extended by 90 days. Both Plaintiff's Motion and Defendant's Motion to Extend indicate that little, if any, discovery has been completed since the court-enforceable discovery period opened in March of 2021.

A hearing to discuss these issues and Defendant's Motion to Extend has been set for November 22, 2021. Through the instant Motion, counsel request leave to appear remotely for that hearing.

Under these circumstances, and particularly in light of the apparent lack of progress that has been made with regard to discovery, an in-person hearing is warranted. Prompt scheduling of this matter was necessary given that the court became aware of the lack of discovery in this case at the very end of the discovery period and that other pretrial deadlines, such as the dispositive motions deadline, are fast approaching.

Further, the undersigned is not persuaded that requiring counsel to appear in person would be unduly burdensome. Plaintiff and his counsel have filed this matter in this court and Defendant has retained local counsel in this district. Plaintiff's counsel, Mr. Rothstein, and Defendant's local counsel, Ms. Adams, will therefore be required to appear in person.

Attorneys Maria Biaggi and Mark Konkel (or either of them) of New York, who have been admitted *pro hac vice* to represent Defendant, may appear remotely by video if they choose. The Clerk is respectfully directed to provide the appropriate connection information for that purpose.

Accordingly, the Joint Motion to Appear Telephonically (Doc. 20) is granted in part and denied in part, as stated.

It is so ordered.

Signed: November 17, 2021

W. Carleton Metcalf
United States Magistrate Judge